Gustafson, J., concurring: I concur with the result reached by the majority — i.e., that the two-year deadline imposed in 26 C.F.R. section 1.6015 — 5(b)(1), Income Tax Regs., is invalid. I part company with the majority only in aspects of its rationale that do not affect the outcome (discussed in parts I — III below); and I still conclude — for the reasons that we stated in Lantz v. Commissioner, 132 T.C. 131, 138-144 (2009), revd. 607 F.3d 479 (7th Cir. 2010), and that I summarize below in part IV — that the IRS’s two-year deadline is invalid because it is at odds with the congressional intent evident in the statute. I. “[A]ll the facts and circumstances” The majority states today: “the regulation, which bars relief from inequity solely upon the ground that it was requested beyond a specified period, failed to consider all the facts and circumstances”, for purposes of section 6015(f)(1). Majority op. p. 379.[1] This reasoning would apparently disallow the Internal Revenue Service (IRS) from imposing by regulation any set deadline for filing requests for equitable relief from joint liability under section 6015(f), because any set deadline, when applied, would “mak[e] one circumstance, the time of the claim, the only relevant factor”, majority op. p. 380, rather than having “all the facts and circumstances” govern the outcome. However, the Internal Revenue Code is replete with “facts and circumstances” provisions that are subject to procedural deadlines. Nearby section 6015(b)(1)(D) has identical language (“taking into account all the facts and circumstances, it is inequitable” (emphasis added)), but the relief provided in section 6015(b) depends on an election’s being made before a two-year deadline. Sec. 6015(b)(1)(E). That is, under section 6015(b) Congress both required that “all the facts and circumstances” be taken into account and provided in effect that, if an election was not made within two years, the single fact of timing would govern the outcome. The “all the facts and circumstances” provision in section 6015(f) thus does not, in and of itself, preclude a deadline for an equitable claim. Consequently, I conclude that a statute may provide a substantive standard for equitable relief that takes into account “all the facts and circumstances” while, at the same time, providing or permitting a procedural deadline for the submission of a request for that relief. II. “Equitable Relief ” The majority observes critically that the Court of Appeals for the Seventh Circuit “rejected ‘laches’ ”, majority op. p. 377 citing Lantz v. Commissioner, 607 F.3d at 483; and the majority thereby seems to edge toward the position (not taken by this Court in Lantz) that the “Equitable Relief” of section 6015(f) embodies concepts of equity, as opposed to law. At law, time limits are expressed in statutes of limitation; but equity jurisprudence developed instead the more flexible defense of laches (prejudicial delay) and the doctrine of “equitable tolling” of statutes of limitation,[2] concepts that would arguably be more congruent with the congressional purpose behind section 6015(f) than the IRS’s blunt application of the two-year rule of its regulation. However, the title “Equitable Relief” does not warrant the conclusion that laches or equitable tolling inhere in section 6015(f) to the exclusion of a regulation that provides an explicit limitations period. The word “equitable” may sometimes implicate the law-equity distinction;[3] but usually the word “equity” means simply justice or fairness, “equitable” means just or fair,[4] and “inequitable” means unjust or unfair.[5] Those common meanings are appropriate here, for reasons stated by dissenting Judges Thornton and Holmes. See dissenting op. pp. 391-392. The “equitable” vocabulary of section 6015(f) does not implicitly or explicitly prohibit a regulatory deadline. III. “[Procedures prescribed by the Secretary” Section 6015(f) provides that equitable relief is to be administered “[u]nder procedures prescribed by the Secretary”, and the IRS promulgated the regulatory deadline under this authority; but the majority states that “a time bar is not simply a procedural rule.” Majority op. p. 379. In this context, however, a deadline is a “procedure”: Congress placed the two-year deadline of section 6015(b)(1)(E) under the “Procedures For Relief From Liability Applicable to All Joint Filers”; and it placed the two-year deadline of section 6015(c)(3)(B) under the “Procedures To Limit Liability for Taxpayers No Longer Married”. (Emphasis added.) Congress thus suggested that a time limit might be one of the “procedures” for granting relief, and it authorized the IRS to promulgate “procedures” for the “Equitable Relief” provision of section 6015(f). See also Lantz v. Commissioner, 132 T.C. at 155-156 (Thornton and Holmes, JJ., dissenting). I think it cannot be said that Congress prohibited the IRS from promulgating any deadline for applying for equitable relief. IV. “[R]elief * * * not available * * * under subsection (b) or (c)” If, as I conclude, section 6015(f) permits and authorizes the IRS to promulgate by regulation a deadline for taxpayers who request equitable relief, then the remaining issue is whether the deadline that the IRS did promulgate is a permissible deadline under the statute. I conclude it is not. Congress created two forms of so-called “traditional relief” and imposed a two-year deadline on both. Sec. 6015(b)(1)(E), (c)(3)(B). Congress next provided for “Equitable Relief” — the whole purpose of which was to grant “relief * * * not available * * * under subsection (b) or (c)”. Sec. 6015(f)(2) (emphasis added). For this broader equitable relief Congress did not impose a two-year deadline — nor any deadline — and it authorized the IRS to establish “procedures”. Sec. 6015(f). For the agency then to slap onto the equitable provision the same two-year deadline that Congress had manifestly chosen not to impose shows a failure to discern the Congressional purpose in enacting this broader equitable relief. The two-year deadline is not valid. For this “facts and circumstances” proposition the majority cites our Opinion in Lantz v. Commissioner, 132 T.C. 131, 150 (2009), revd. 607 F.3d 479 (7th Cir. 2010). We did not explicitly so state in Lantz. Judge Wells’s concurring opinion explains that the doctrine of “equitable tolling” may “relieve a party from strict compliance with a limitations period when the failure to take timely action was due to extraordinary circumstances.” Concurring op. p. 384. This raises an interesting question — i.e., whether the doctrine of equitable tolling would apply to a nonjurisdictional two-year limitations period like that in 26 C.F.R. section 1.6015 — 5(b)(1), Income Tax Regs. It appears that if the doctrine were pertinent here, then it would not invalidate the two-year deadline (since equitable tolling can happen only when there is a (valid) deadline to toll) but instead would toll the deadline. The doctrine of equitable tolling might thus save the otherwise invalid regulation, by making the nonjurisdictional two-year regulatory limitation of section 6015(f) subject to being tolled by equitable considerations that are inapplicable to the jurisdictional two-year statutory limitation of section 6015(b) and (c). However, the parties did not brief the subject of equitable tolling, so we have an insufficient basis for addressing this question. See, e.g., secs. 3232 (“civil actions, whether legal or equitable in nature”), 6214(b) (“equitable recoupment”), 6305(b) (“legal or equitable”), 6402(g) (“legal or equitable”, “legal, equitable, or administrative”). See, e.g., secs. 417(f)(4) (“A plan may take into account in any equitable manner (as determined by the Secretary) any increased costs”), 2205 (“entitled to reimbursement * * * by a just and equitable contribution”), 4975(d)(22)(H) (“fair and equitable”), 9037(b) (“equitable distribution of funds”); Internal Revenue Service Restructuring and Reform Act of 1988, Pub. L. 105-206, sec. 1204(b), 112 Stat. 722 (“fair and equitable treatment of taxpayers”). See, e.g., secs. 4971(g)(5) (“excessive or otherwise inequitable”), 4980F(c)(4) (same), 49801(e)(2)(C) (same).